**SHAW, Banking Commissioner, v. ROSE.**
**(No. 3578.)**

Court of Civil Appeals of Texas. Texarkana.
Dec. 1, 1928.

Rehearing Denied Dec. 6, 1928.

Jno. W. Goodwin, L. O. Sutton, and Joe T. Goodwin, all of Austin, for appellant.

W. A. Hutchison, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] All the certificates sued upon, except the one for $16,000 issued to appellee, set out in the statement above, were like the one considered by this court in Shaw v. McBride (Tex. Civ. App.) 9 S.W.(2d) 410, where, in determining a contention similar to the one made here by appellant, it was held that a deposit of money in a bank was not, quoting from the syllabus, "converted to ordinary loan, so as to lose protection of bond security system protecting deposits under Rev. St. 1925, Arts. 475, 475a, 523, by fact that contract was reduced to writing in form of certificate which provided for interest for definite period of four months and stipulated that deposit was not subject to check, though sum deposited was made payable on return of certificate four months after date. * * * Promise to pay deposit is express or implied in any event, and fact that promise is reduced to writing in form of certificate of deposit does not alter the nature of the transaction or transform the deposit into a commercial loan, though certificate of deposit is similar to promissory note." Following that decision, we hold that the judgment in this case is not erroneous so far as it determines that appellee was entitled to the relief he sought as the assignee of the payees of the twenty-seven certificates above referred to as having been issued to other persons than him.

But we think the judgment must be held to be erroneous so far as it is based on the certificate for $16,000 issued to appellee. That certificate, it will be noted, was a non-interest-bearing certificate, which by force of article 530, R. S. 1925, the bank did not have a right to issue, and which was not protected by the provisions of the Bank Deposit Guaranty Law, embodied in chapter 7 of title 16 of the Revised Statutes of 1925. Said article 530 of the statutes is as follows:

"No state bank or bank and trust company organized and doing business under the provisions of this title [16] shall be allowed to issue any noninterest-bearing certificates of deposit. Such certificates, if issued, shall not be protected under Chapter 7 of this title [16]."

The judgment will be so reformed as to adjudge a recovery of $7,018.80, instead of $9,229.52, in appellee's favor against the appellant, and, as so reformed, will be affirmed.